**IN THE COURT OF APPEALS OF IOWA**

No. 17-1756
Filed July 5, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MEGAN BROOKS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Madison County, Richard B. Clogg,

Judge.


        Megan Brooks appeals her conviction and sentence after pleading guilty to

one count of possession of methamphetamine with intent to deliver.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Maria L. Ruhtenberg,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.


        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Megan Brooks appeals her conviction and sentence after pleading guilty to one count of possession of methamphetamine with intent to deliver. She contends her trial counsel rendered ineffective assistance. She also contends the trial court abused its discretion in sentencing her.

Law enforcement stopped the vehicle Brooks was driving after receiving an anonymous tip that the driver of the vehicle was possibly intoxicated. During the stop, a deputy sheriff smelled the odor of marijuana emanating from the vehicle and saw a glass pipe used for smoking marijuana on the passenger seat of the vehicle. Brooks told the deputy that the pipe belonged to her and admitted that other narcotics and drug paraphernalia were in the vehicle. A search of the vehicle led to the discovery of four grams of methamphetamine, six grams of marijuana, prescription medication, and drug paraphernalia. As a result, the State charged Brooks with one count of possession of methamphetamine with the intent to deliver, one count of possession of marijuana with the intent to deliver, and one count of possession of a prescription drug without a prescription. Brooks agreed to plead guilty to the charge of possession of methamphetamine with the intent to deliver in exchange for the State's agreement to dismiss the other charges. The district court accepted her plea and sentenced her to a term of incarceration not to exceed ten years.

Brooks contends she received ineffective assistance of counsel because her counsel failed to file a motion to suppress the evidence discovered following the traffic stop, claiming the traffic stop was unlawful because the anonymous tip did not provide the sufficient indicia of reliability required by *State v. Kooima*, 833

N.W.2d 202, 208-09 (Iowa 2013). "It is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). "A defendant can, however, challenge the validity of his guilty plea by proving the advice he received from counsel in connection with the plea was not within the range of competence demanded of attorneys in criminal cases." *Id.* To succeed on an ineffective-assistance claim, a defendant must show counsel failed to perform an essential duty and this failure resulted in prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

The State argues the record is insufficient to address Brooks's claim on direct appeal and it should therefore be preserved for a postconviction-relief proceeding. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012) (stating that ineffective-assistance claims are ordinarily preserved for postconviction-relief proceedings and are resolved on direct appeal only when the record is adequate). Preservation is preferred to allow counsel the opportunity to defend against the charge, especially when the challenged action concerns trial strategy or tactics. *State v. McNeal*, 867 N.W.2d 91, 105-06 (Iowa 2015). "Only in rare cases will the trial record alone be sufficient to resolve the claim on direct appeal." *Straw*, 709 N.W.2d at 133. We preserve this claim for postconviction-relief proceedings to allow further development of the record.

Brooks also challenges her sentence, arguing the district court failed to adequately consider her mental-health and substance-abuse needs when it imposed a prison sentence. Because her sentence falls within the statutory limits, our review is for an abuse of discretion. *See State v. Roby*, 897 N.W.2d 127, 137

(Iowa 2017). The question is whether there is evidence that supports the sentence imposed. *See id.*

In sentencing Brooks to a prison term, the district court considered Brooks's criminal history, her prior difficulties with completing probation, and her delay in seeking treatment after entering her guilty plea. The court also considered the recommendation of the presentence-investigation report and determined that society's protection and Brooks's maximum rehabilitation would be best served by sentencing her to a term of not more than ten years in prison. The court then went on to more specifically address Brooks's treatment needs, stating:

> The court believes that [Brooks] can get treatment in prison. The court has been to the prison. I've seen the treatment facility. I know they have one. Let's hope they keep it funded, but, in any event, the court believes that the defendant can receive the things she needs in prison.
> And the court is not convinced of her commitment to enter treatment as shown by the fact that we're now seven months since she's entered her plea and has just recently entered treatment.

Finally, the court expressed its belief that Brooks would receive better services and have a better chance of succeeding with treatment in prison than she would if she received treatment outside of prison. We find no abuse of discretion.

**AFFIRMED.**